**No. 57112.**—Aristocrat China Co. *v.* United States, petition 6882–R (New York).

RAO, Judge: This is an application filed pursuant to the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties assessed upon an importation of decorated porcelainware from Bavaria, Germany.

It appears from the testimony of George Becker, the sole stockholder of Aristocrat China Co., the ultimate consignee and petitioner herein, that he personally made the purchase of the involved merchandise, which was ordered and paid for at the invoice prices. Prior to entry, Becker went to Europe, but before doing so sent the papers, and instructions to enter at the invoice prices, to D. C. Andrews Co., a customs broker, who made the entry. While Becker was in Europe, he received a letter from his office informing him that the appraiser had notified the company that new prices were in effect. Becker, in Paris at the time, called the factory and was advised that new prices had been fixed and as soon as the price lists were available, they would be forwarded to him.

Becker returned to the United States at the end of March 1951. When he received the new price list, probably in June 1951, he furnished the information contained therein to the appraiser. Based upon that information, the appraiser signified his intention of advancing the entered values and sent to the importer a notice to amend such values to accord with the contemplated appraised values. Upon receipt of this notice, Becker told his broker to make the amendment immediately, but the latter did not do so, and Becker did not know the reason for the broker's failure to comply with his instructions.

The witness testified further that he had been importing merchandise since 1946; that this was the first occasion on which merchandise he had imported was advanced in value; and that he had no intention to conceal or misrepresent any facts or to evade the full payment of duties that were due to the Government in connection with the entry of this merchandise.

At the conclusion of the trial, counsel for the Government moved to dismiss the petition "on the ground that the petitioner has failed to prove a *prima facie* case. He has failed to overcome the fact that the broker has done something with the entry which he had no knowledge of. He has failed to show what has taken place on the entry."

We are of opinion that the Government's motion was well taken. The failure to call the broker to explain why the instructions from petitioner were ignored, leaves this record without a satisfactory explanation for the omission to amend the entry. It places petitioner in the position of one who, with knowledge that his entered values were incorrectly stated, fails to take the requisite steps to adjust them. It is the duty of an importer to enter his merchandise at its true value. *Mitsubishi Shoji Kaisha* v. *United States*, 19 C. C. P. A. (Customs) 91, T. D. 45227; *United States* v. *Balfour, Guthrie & Co., Ltd.*, 39 C. C. P. A. (Customs) 199, C. A. D. 487. He does not perform that duty, if, knowing that his entered values are false or erroneous, he suffers them to stand unaltered.

In the case of *United States* v. *Pennsylvania Salt Manufacturing Co.*, 26 C. C. P. A. (Customs) 232, C. A. D. 22, it was stated:

It is, of course, true that the issue must be determined upon the question of intent at the time of entry, but, for the purpose of throwing light upon the matter of intent, the conduct of the petitioner in direct relation to the subject matter, before and subsequent to the entry, may be looked to. We have already recited the substance of what occurred before the entry and made allusion to the fact that no investigation as to dutiable value was made after entry, not even after the receipt of the second invoice, while the whole matter of appraisement was still open and the entry could have been amended. * * *

It is true that at the time of entry petitioner had no reason to believe that the invoice values, which reflected the usual prices, were incorrect. Nevertheless, within a short time after entry, during the same month, in fact, petitioner knew that the prices were to be raised, and that, therefore, the entered values were too low. From June 1951, when the new price list was presumably received by the importer, until September 27, 1951, when the merchandise was appraised, no attempt was made to amend the entry, despite the acknowledged receipt from the appraiser of a notice to amend. In explanation of this omission, the witness for petitioner stated only that he directed his broker to amend, but the latter did not do so. He knew no reason for the broker's failure to comply with his instructions. Neither did he produce the broker to explain away the defection.

We are not satisfied from the record as made in this case that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenues of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is, therefore, denied.

Judgment will be entered accordingly.